## NORTH *a.* SARGEANT.

*Supreme Court, First District; General Term, Feb.,* 1862.
*Also, at Special Term, October,* 1861.

COSTS ON GRANTING NEW TRIAL. — LEAVE TO DISCONTINUE. —
ORDER OF CALENDAR.

Upon granting a new trial, when the judge before whom the trial was had committed no error, payment of the costs of the trial, and of all subsequent proceedings should be imposed as a condition of granting the favor.

[*] Present, INGRAHAM, P. J., CLERKE and LEONARD, JJ.

North *a.* Sargeant.

An order requiring payment of the costs accruing after notice of the trial had, as a condition of granting a new trial, construed to mean the same as the above rule.

After such an order is made, the costs must be regularly adjusted before the time allowed for their payment, under Rule 57, begins to run, and this notwithstanding the costs are fully stated on the judgment-roll, and require nothing more than to be separated from the other and earlier costs of the action.

---

After a new trial has been granted, by the general term, on payment of costs, plaintiff will not be allowed by the special term to discontinue while the amount of the costs is in dispute and unpaid.

The court will not at special term fix the date as of which a cause is to be placed in the calendar. The date is controlled by the statute, and if it is put on incorrectly, application must be made at circuit.

I. *February*, 1862.—Appeal from an order setting aside an execution issued by the defendant upon a judgment entered in his favor for costs.

The judgment had been appealed from by the plaintiff to the general term, and a new trial granted "on payment by the plaintiff of all the costs of the action from and after notice of trial." The costs already adjusted and entered up in the judgment amounted to $104.65, of which $84.65 had accrued "after notice of trial." The costs of the appeal, *i. e.*, those costs in the action which had accrued after the docketing of the judgment, had been fixed at $50.84. The defendant claimed the sum of $84.65 as having accrued from and after notice of trial up to the entry of judgment, and the further sum of $50.84 as the costs that had accrued after entry of judgment, on the appeal to the general term, amounting in the aggregate to the sum of $135.49.

The plaintiff claimed that he was bound to pay only the costs of appeal, to wit: the said sum of $50.84, and tendered that sum, which the defendant refused to accept. After the expiration of the 20 days allowed for payment of the costs under Rule 57 of 1858, the defendant issued an execution upon the judgment for the sum of $104.65. The defendant moved at special term, before SUTHERLAND, J., to set aside the execution, on the ground that the tender of the sum of $50.84 was sufficient, and all that the defendant was entitled to as a condition of a new trial; which motion was granted. From this decision the defendant appealed to the general term.

North *a.* Sargeant.

*A. Thompson*, for the appellant.

*I. T. Williams*, for the respondent.

BY THE COURT.—LEONARD, J.—The order of the general term, March 18, 1861, reversed the judgment of the special term, and directed that a new trial be had in said action, on payment by the plaintiff of the costs of all proceedings in said action, from and after notice of the trial had therein.

This language includes the costs of the trial below "had therein," and the costs of the appeal.

The attorney for the defendant refused to accept any less than all the costs after the first notice of trial which was served in the action.

There has never been any adjustment of the costs under the order of the general term above mentioned, which is required to set the 15 days running, under Rule 57, before the plaintiff can be considered to be in default for not complying with the condition of the said order. No execution could issue regularly on the judgment so reversed until the plaintiff was in default under that rule.

The execution issued by the defendants on the judgment below for costs was therefore irregular, and the order setting it aside must be affirmed.

The order of the general term is not as exact in its terms as could be desired, and the affirmance is therefore without costs.

We are the better satisfied to make this affirmance without costs, as the attorney for the plaintiff has never offered to pay the amount of costs which the usual practice in the like cases, as well as the terms of the order of the general term above defined, requires.

Where an erroneous verdict has been rendered by a jury, without any error occurring in the rulings or instructions of the court at the trial, the practice has prevailed for a long time, when a new trial is granted, to direct such new trial upon the condition of payment of the costs of the trial and all subsequent proceedings by the party in whose favor the relief is granted.

We understand the order of the general term to embrace this condition and no more.

The costs of the trial and subsequent proceedings can be

easily ascertained from the orders and bills presented in the moving papers herein. For the purpose of avoiding all further misunderstanding of the meaning and intent of the condition imposed by the order of the general term granting a new trial, we consider it advisable that the said order should be so modified as to direct the new trial to be had on payment by the plaintiff of the costs of the trial, and all subsequent proceedings, which are hereby fixed at the sum of $85.49.

II. *October*, 1861.—Motion for leave to discontinue as against one defendant, and to place the cause on the calendar as against the others.

Pending the appeal above reported, and before its decision, the plaintiff moved at special term for leave to discontinue, without costs, as against the defendant Houghton, who had died, and for an order that the cause be placed on the calendar as of October 26, 1857, as to the other defendants.

Barnard, J.—In this case defendants Sargeant and Akin were sued as the makers, and defendant Houghton as the indorser of, a promissory note. Issue was joined October 26, 1857. Defendants had a verdict at circuit, and judgment thereon was entered in their favor for —— costs. From this judgment plaintiff appealed to the general term, where an order, on the 18th of March, 1861, was made, reversing the judgment, and granting a new trial on payment by the plaintiff of the costs of all proceedings from and after the notice of the trial had therein. The question as to the amount of costs to be paid is in dispute, and is pending before the general term. Defendant Houghton is dead. An order permitting plaintiff to discontinue as against defendant Houghton without costs, and directing the action to be placed on the circuit calendar as of October 26, 1857, and that plaintiff be allowed to proceed to trial against defendants Sargeant and Akin, is now moved for. As to ordering the cause to be placed on the calendar as of October 26, 1857, the statutes regulate that matter.

The attorney must put the cause on the calendar as of such date as the statutes authorize. If it is put on incorrectly, the circuit is the proper place to move for a correction of the calen-

dar. This branch of the motion must be denied. In reference to the other branch of the motion, as the case now stands, defendants have a judgment against the plaintiff for costs. From this judgment the general term has given the plaintiff relief conditioned on his paying costs.

The amount of the costs to be paid is in dispute. This general-term decision does not authorize the special term to relieve the plaintiff from the effect of a judgment in favor of a deceased defendant without a compliance with its terms. Nor does it authorize an order permitting plaintiff to proceed as against the surviving defendants without such compliance. It is insisted by plaintiff, that the costs, as taxed on appeal to the special term, have been tendered. The defendants insist that these costs have not been accepted, and that an appeal has been taken to the general term. The costs of the appeal to the general term from the judgment, were taxed at the special term, on the appeal from the taxation by the clerk, at $50.84. I do not understand how these costs could be so small, unless, indeed, the defendants did not notice or put the cause on the general-term calendar. There is room for argument as to the construction of the general-term order of March 18, 1861. Whether it means that all costs of the court below after notice of trial shall be paid, together with the costs of the appeal; or only costs of the court below accruing after the said trial, together with the costs of the appeal. This question, in the view I have taken of the motion, does not arise. In this state of the case, I do not think it proper to grant an order which may deprive the defendants of their costs. The motion for leave to discontinue as to the defendant Houghton, and to proceed as against the other defendants, must be denied without prejudice to renew after the decision of the general term upon appeal from the special-term order of May 9, 1861, or the dismissal of that appeal; upon which removal the question of the construction of the general-term order of March 18, 1861, may be raised, and such order made as to payment of costs as will protect defendants' rights.

No costs of this motion to either party.